We necessarily conclude therefore that under the statute the denial of the petition to revoke probation was a judicial finding that the probation order had not been violated. And this being so, under the statute cited he was without authority to "expand" the original probation order and without authority to impose a fine either under the curfew law or otherwise. Accordingly, the judgment of the trial court must be and it is hereby reversed and the defendant discharged.

Judgment reversed

TRAPP and CRAVEN, JJ., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CORRINE A. WHITFIELD, Defendant-Appellant.

(No. 11351;

Fourth District—March 25, 1971.

Opinion by Mr. JUSTICE CRAVEN.

Morton Zwick, of Defender Project, of Chicago, (Norman Fishman, of counsel,) for appellant.

Basil G. Greanias, State's Attorney, of Decatur, for the People.